## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ITALO M ALVES-SILVA,

Petitioner,

v.

LUIS SOTO, *et al.*,

Respondents.

Case No. 26–cv–05437–ESK

OPINION AND ORDER

**THIS MATTER** is before the Court on petitioner Italo M Alves-Silva's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1)

1.     Petitioner is a citizen of Brazil.   (ECF No. 1 ¶ 12.)    He entered the United States on or about April 27, 2021.   (*Id.*)

2.     He was detained by the Department of Homeland Security (Department) and served with a Notice and Order of Expedited Removal. (ECF No. 5–2 p. 3.)

3.     On June 23, 2021, an asylum officer concluded that petitioner had established a credible fear of persecution.   (ECF No. 1–5 p. 6.)   The expedited removal order was vacated on June 27, 2021.   (ECF No. 1–6 p. 2.)

4.     On July 9, 2021, petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A).   (ECF No. 1–7 p. 2.)   Parole was authorized through July 9, 2022.   (*Id.*)

5.     On January 15, 2026, petitioner was charged with terroristic threats, N.J.S.A. § 2C:12–3B); harassment, N.J.S.A. § 2C:33–4C; and simple assault, N.J.S.A. § 2C:12–1A(2) in state court. (ECF No. 1 ¶ 26.) A temporary restraining order was entered against petitioner by the Superior Court of New Jersey, Chancery Division, Family Part, Essex County.   (*Id.* ¶ 27.)   That order was dismissed on April 16, 2026, but the charges remain pending.   (*Id.*)

6.     Petitioner was arrested by the Essex County Sheriff's Office on May 5, 2026 on his outstanding charges.   (ECF No. 5–2 p. 3.)   Immigration and

Customs Enforcement (ICE) picked petitioner up and detained him in Delaney Hall Detention Facility. (ECF No. 1 ¶ 29.) He has not received a bond hearing. (*Id.*) This Petition followed.

7. Respondents filed an answer on May 19, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim." (ECF No. 5 p. 2.) "Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)." (*Id.*)[1]

8. I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond. *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

9. Petitioner was detained near the border but was released from custody after the removal order was vacated on June 27, 2021. (ECF No. 1–6 p. 2.) The accompanying Notice to Appear identified petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (*Id.* (emphasis added)). "That language aligns with § 1226(a), not § 1225(b)(1)." *Dabre v. Soto,* No. 26–cv–02142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

10. Therefore, it seems from the record that the Department "has consistently treated [petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to [r]espondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483–84 (S.D.N.Y. 2025).

11. "The fact that [p]etitioner was eventually paroled does not mean that he was originally detained pursuant to § 1225(b)." *Dabre,* 2026 WL 699934, at *3 n. 3; *see also Chanaguano Caiza v. Scott*, No. 1:25–cv–00500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025) ("[I]t does not necessarily follow that all those paroled under [8 U.S.C. § 1182(d)(5)(A)] were detained under § 1225 in the first instance.")

12. At the conclusion of his parole, petitioner was "restored to the status that [he] had at the time of parole," 8 C.F.R. § 212.5(e)(2), *i.e.*, a noncitizen already present in the county.

---

[1] Respondents do not assert that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (*See generally* ECF No. 5.)

Accordingly,

**IT IS** on this   **28th** day of **May 2026**   **ORDERED** that:

1.      Petitioner's Petition is **GRANTED**.   Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a) before an immigration judge within 7 days of this Order.   Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2.      Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention.

3.      The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3